**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DONALD M. DICKINSON, ) | |
| ) | CASE NO. 1:05CV1876 |
| Petitioner, ) | |
| ) | JUDGE BOYKO |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| SAMUEL TAMBI, Warden, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Respondent. ) | |

On March 1, 2006, Petitioner filed a motion for leave to amend his petition. (Doc. No. 11.) For the reasons below, the Magistrate Judge recommends that this motion be GRANTED IN PART and DENIED IN PART.

Petitioner seeks to amend his petition to dismiss his current Ground Two (the trial court erred when it imposed costs on Petitioner) and admits the claim is both unexhausted and is grounded solely in state law. Petitioner's dismissal of this claim should be granted.

Petitioner also seeks to add a new ground, ineffective assistance of appellate counsel. However, as he concedes, Petitioner failed to present this claim to any state court.

Federal habeas claims that have not been presented to the state courts or have been presented improperly to the state court generally are not cognizable on federal habeas review. A petitioner's failure to present a federal claim to the state courts for initial resolution involves an issue of exhaustion of state court remedies. Invoking principles of comity and federalism, federal courts have long required state prisoners to exhaust the "available state remedies" before addressing the merits of a federal claim on federal habeas review. *Coleman v. Thompson,*

501 U.S. 722, 731 (1991). When a petitioner raises exhausted and unexhausted claims in the federal habeas petition, the petition must be dismissed in its entirety. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

Therefore, because Petitioner has failed to exhaust his claim of ineffective assistance of appellate counsel and amendment of the petition to reflect this new claim would result only in the dismissal of the entire petition, the Court should deny the addition of the new claim to the petition. However, Petitioner should be given the opportunity to: (1) elect whether he desires to dismiss his entire petition without prejudice and pursue the unexhausted claim in state court or (2) proceed with his petition without the unexhausted claim.[1] *See Banks v. Jackson*, 149 Fed. Appx. 414 (6th Cir. 2005) (unpublished).

For the foregoing reasons, Petitioner's Motion for Leave to Amend should be GRANTED IN PART with regard to the dismissal of Ground Two, and DENIED IN PART with regard to adding an ineffective assistance of appellate counsel claim. In addition, Petitioner should be given fifteen (15) days from the Court's order on this issue to dismiss his petition without prejudice and return to state court to exhaust his ineffective assistance of appellate counsel claim.

s/ *Nancy A. Vecchiarelli*
NANCY A. VECCHIARELLI
U.S. MAGISTRATE JUDGE

Date: July 18, 2006

---

[1] There are no circumstances in this case that would justify a stay and abeyance of the proceeding. *See Rhines v. Weber*, 544 U.S. 269 (2005).

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**